**Alan JEREMY, Plaintiff,**

v.

**NORTHWEST OHIO DEVELOPMENT CENTER, Defendant.**

No. 3:98CV7049.

United States District Court,
N.D. Ohio,
Western Division.

Jan. 19, 1999.

---

Terry J. Lodge, Toledo, OH, for Alan Jeremy, plaintiff.

Jack W. Decker, Margaret Ann Telb, Office of the Attorney General, Employment Law Section, Columbus, OH, for Northwest Ohio Development Center, State of Ohio, defendant.

## Order

CARR, District Judge.

This is a Family Medical Leave Act (FMLA) case in which plaintiff alleges that defendant prevented him from exercising his rights under the FMLA and retaliated against him by denying FMLA leave and forcing his resignation. This court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending is defendant's motion for summary judgment (Doc. 15). For the following reasons, defendant's motion shall be granted.

## Background

Plaintiff began working for defendant in June, 1990. (Doc. 17 at 26). On November 24, 1995, plaintiff was involved in an automobile accident. (Doc. 17 at 64). As a result, he received his fourth charge of driving under the influence of alcohol (DUI). (*Id.* at 64–66, 77). At the time of the accident, there was also an outstanding warrant resulting from plaintiff's failure to appear in court to be sentenced for his third DUI charge. (*Id.* at 77–78). His new court date relating to the third charge was set for February 26, 1996. (*Id.* at 67, 72). Plaintiff returned to work and did not advise defendant of the accident and court date until February 12, 1996. (*Id.* at 70).

Specifically, on February 12, 1996, plaintiff contacted Veronica Ross and spoke to her about the accident, his problems with alcoholism, seeking inpatient treatment, and his court date. *(Id.* at 86–89).[1] At that time, plaintiff knew he would be serving a jail sentence. *(Id.* at 89). His attorney had advised him to seek inpatient treatment for alcoholism prior to sentencing so that the court would be "more lenient" on him and he would get "lesser time." *(Id.* at 71, 110). Plaintiff, however, had not scheduled an appointment to be evaluated for inpatient treatment. *(Id.* at 136–37). He made no requests for leave on February 12, 1996. *(Id.* at 90.)

Plaintiff contacted defendant again on February 26, 1996. He spoke to several people asking for FMLA forms, and presented a doctor slip documenting "medical problems." *(Id.* at 96–97, 103–104; Doc. 15 Ex. Z). Defendant refused to accept the slip because it was undated. (Doc. 17 at 96–97). Plaintiff also filled out one request form for sick leave from February 22, 1996 to February 24, 1996, and another request form for FMLA leave from February 27, 1996 to May 26, 1996. (Doc. 15 Ex. S; Doc. 17 at 126). That day, plaintiff was sentenced to two months incarceration for his third DUI charge. *(Id.* at 74–75).

On February 28, 1996, plaintiff, through his sister, requested leave from February 28, 1996 to April 30, 1996. (Doc. 15 Ex. T). Plaintiff instructed his sister to request leave pursuant to the FMLA, but defendant convinced her to request vacation leave. (Doc. 17 at 119). Plaintiff also called on his own to get FMLA forms, but was told to resign instead. *(Id.* at 123–24).

Plaintiff's resignation was effective as of February 27, 1996. (Doc. 15 Ex. U). Plaintiff called and attempted to rescind his resignation on February 29, 1996, at which time he again requested FMLA forms. (Doc. 17 at 127–28). Further, he wrote a letter dated "February 30, 1996," attempting to retract his resignation and seeking reinstatement. (Doc. 15 Ex. V).

On March 8, 1996, plaintiff called again and requested FMLA leave and paperwork. (Doc. 15, Ross Affidavit of 2/27/97). No paperwork was sent because plaintiff's resignation was already effective. *(Id.)*[2] On March 11, 1996, defendant sent a letter confirming plaintiff's resignation. (Doc. 15 Ex. U).

On March 21, 1996, plaintiff was sentenced to another two months incarceration for the fourth DUI charge. *(Id.* at 75–76, 78). The sentences were made concurrent and plaintiff was to serve a total of approximately ninety days. *(Id.* at 78–79).

On March 22, 1996, plaintiff, through his friend Victor Diaz, requested FMLA leave from February 27, 1996 to May 27, 1996. *(Id.* at 121–22; Doc. 15 Ex. W). This request was denied on March 28, 1996 because plaintiff's resignation was already effective. (Doc. 15 Ex. W). Defendant also sent a letter indicating rejection of plaintiff's request for reinstatement. *(Id.* Ex. X).

Plaintiff was released from prison in May, 1996. (Doc. 17 at 94). He subsequently entered an outpatient rehabilitation program pursuant to court order. *(Id.* at 93–94). Plaintiff remained in outpatient rehabilitation until January, 1997. *(Id.* at 94).

### Discussion

Defendant moves for summary judgment of the FMLA claims. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence

---

1. Veronica Ross has a different recollection of this conversation. (Doc. 15, Ross Affidavit of 2/27/97). In fact, there is conflicting testimony about many of the events that led to this case. Any issues of fact, however, are immaterial because even if I accept plaintiff's version of events as completely true, I may still dismiss plaintiff's claims on summary judgment. Therefore, I will state the facts of this case as plaintiff describes them.

2. While plaintiff does not confirm this event, neither does he dispute Veronica Ross' recollection.

of a genuine issue of material fact. *See id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex,* at 324, 106 S.Ct. 2548. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### A. Claim for Retaliation

Plaintiff claims that defendant retaliated against him because of his opposition to defendant's alleged violations of the FMLA. (Doc. 1 at 7). Specifically, plaintiff contends that defendant violated 29 U.S.C. § 2615 by denying his leave requests and forcing his resignation. *(Id.)*

### 1. Denial of Leave

■ Plaintiff alleges that defendant retaliated by denying his requests for FMLA leave. To succeed on this claim, plaintiff must prove: 1) plaintiff was an employee under 29 U.S.C. § 2611(2); 2) defendant was an employer under 29 U.S.C. § 2611(4); 3) plaintiff was entitled to leave under 29 U.S.C.

§ 2612(a)(1); and 4) defendant improperly denied leave under 29 U.S.C. § 2615. *See Dormeyer v. Comerica Bank,* 1998 WL 729591 (N.D.Ill.1998); *McClain v. Southwest Steel Co.,* 940 F.Supp. 295, 299 (N.D.Okla. 1996).

Because the first two elements are not in dispute, I turn to the second two elements: whether plaintiff was entitled to FMLA leave which was improperly denied by defendant. Plaintiff claims entitlement under 29 U.S.C. § 2612(a)(1)(D), which provides for leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." A serious health condition is "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Plaintiff claims to have a serious health condition because he is an alcoholic. While substance abuse may qualify, as a serious health condition, FMLA leave "may only be taken for treatment for substance abuse by a health care provider or by a provider of health care services on referral by a health care provider. . . . [A]bsence because of the employee's use of the substance, rather than for treatment, does not qualify for FMLA leave." 29 C.F.R. § 825.114(d). Thus, plaintiff was entitled to leave for treatment of alcoholism, but not for periods of absence resulting from the use of alcohol.

A review of the facts discloses no instance when plaintiff requested a leave of absence for treatment of alcoholism. Any requests that he did make, both before and during his incarceration, were for periods of time he spent in jail.[3] Incarceration for a DUI results from the use of alcohol and is clearly not treatment. *See Maddox v. University of Tennessee,* 62 F.3d 843 (6th Cir.1995) ("while

**3.** On February 26, 1997, plaintiff requested FMLA leave from February 27, 1996 to May 26, 1996. (Doc. 17 at 126). At that time, plaintiff knew he was being sentenced and would be incarcerated. (*Id.* at 89, 110). On February 28, 1996, plaintiff, through his sister, requested leave from February 28, 1996 to April 30, 1996. (Doc. 15 Ex. T). At that time, plaintiff had been sentenced to spend those two months in jail. (Doc.

17 at 74–75). On March 22, 1996, plaintiff, through his friend, requested FMLA leave from February 27, 1996 to May 27, 1996. (*Id.* at 121–22; Doc. 15 Ex. W). At that time, plaintiff had been sentenced to spend those three months in jail. (Doc. 17 at 75–79). Plaintiff presents no evidence that he requested FMLA leave for any other periods.

alcoholism might compel [a person] to drink, it [does] not compel him to operate a motor vehicle"). Therefore, defendant properly denied FMLA leave.

Defendant's motion for summary judgment shall be granted with respect to this claim.

### 2. Forced Resignation

■ Plaintiff also alleges that defendant retaliated by forcing him to resign. To succeed on this claim, plaintiff must prove: 1) plaintiff availed himself of a protected right under the FMLA; 2) plaintiff was adversely affected by an employment decision; and 3) there was a causal connection between plaintiff's protected activity and defendant's adverse employment actions. *See Hodgens v. General Dynamics Corp.*, 144 F.3d 151 (1st Cir.1998); *Bryant v. Delbar Products. Inc.*, 18 F.Supp.2d 799, 809 (M.D.Tenn.1998) (*citing Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir.1990)).

■ Assuming that the first two elements are undisputed,[4] I address whether there is a causal connection between plaintiff's requests for FMLA leave and defendant's action of forcing him to resign. Plaintiff offers no evidence of causation except the timing of his FMLA leave requests in relation to his termination.

"Without more, coincidental timing is insufficient to create a genuine issue of material fact regarding [defendant's] motivation." *Smith v. DataCard Corp.*, 9 F.Supp.2d 1067, 1075 (D.Minn.1998). In the present case, where plaintiff resigned during a phone call from jail, the timing is not even coincidental. Rather, plaintiff's own testimony shows that the termination was caused by his absence from work and not his requests for FMLA leave. According to plaintiff, defendant told

him that "if [he] didn't return to [work] the following day, [he] would be considered AWOL, and it would be better for [him] if [he] resigned instead of being fired." (Doc. 17 at 123–24). Mere timing in this case is insufficient to defeat defendant's motion for summary judgment.

Defendant's motion for summary judgment shall be granted with respect to this claim.

### B. Claim for Interference with FMLA Rights

■ Plaintiff claims that defendant interfered with his rights under the FMLA in violation of 29 U.S.C. § 2615. (Doc. 1 at 5). Specifically, plaintiff alleges violations of 29 C.F.R. §§ 825.208 and 825.301,[5] which are notice provisions.

Several courts have held that an employer's failure to provide adequate notice of FMLA procedures may constitute an interference with FMLA rights if it causes the employee to forfeit FMLA protections. *See Lacoparra v. Pergament Home Centers, Inc.*, 982 F.Supp. 213, 220 (S.D.N.Y.1997); *Fry v. First Fidelity Bankcorp.*, No. 95–6106, 1996 WL 36910 at *5 (E.D.Pa. Jan. 30, 1996). In other words, there must be "some adverse consequence attendant upon [the] lack of knowledge." *Gunderson v. Neiman–Marcus Group, Inc.*, 982 F.Supp. 1231 (N.D.Tex. 1997).

Assuming that defendant did not provide adequate notice,[6] plaintiff still fails to allege that this resulted in either forfeiture of FMLA protections or adverse consequences. As discussed above, even if plaintiff was entitled to FMLA leave for treatment of alcoholism, he was not entitled to leave for jail time. Therefore, the only period during which

---

**4.** Actually, defendant takes issue with the first element, arguing that plaintiff did not avail himself of a protected right because plaintiff was not entitled to FMLA leave. While I agree that plaintiff was not entitled to the FMLA leave he requested, plaintiff's rights under the FMLA are not limited to obtaining leave. Plaintiff also has the right to file for leave without interference, a right which plaintiff exercised the present case. *See* 29 U.S.C. § 2615. Therefore, I assume the first element is satisfied.

**5.** Section 825.208 deals with the circumstances under which an employer may designate leave as

FMLA leave, and the consequent notice requirements. Section 825.301 deals with notice of employee benefits and leave rights which must be given by employers to employees.

**6.** I note that many of the notice requirements arise after the employer is notified that leave will be taken. *See, e.g.*, 29 C.F.R. § 825.208(b)(1) ("Once the employer has acquired knowledge that the leave is being taken. . . .") Plaintiff neither took nor requested leave until February 26, 1996, the day he entered prison. Thus, those requirements did not apply.

plaintiff could have forfeited FMLA protection or suffered adverse consequences was from February 12, 1996, when he met with Veronica Ross, to February 26, 1996, when he was incarcerated. Yet plaintiff did not request leave for treatment during those two weeks.[7] (Doc. 17 at 90). Nor did he make an appointment to be evaluated for treatment. (*Id.* at 136–37). Plaintiff shows no connection between his failure to pursue treatment and lack of notice of FMLA procedures.

Defendant's motion for summary judgment shall be granted with respect to this claim.

### Conclusion

Accordingly, it is hereby

**ORDERED THAT**

Defendant's motion for summary judgment (Doc. 15), shall be, and hereby is, granted.

**So ordered.**

---

**7.** Plaintiff did request sick leave from February 22, 1996 to February 24, 1996, but does not assert that he wished to pursue treatment during that period. (Doc. 15 Ex. S).